# Bixler *against* Blankenbiller.

The act of the 24th February 1834, is a repeal of the act of 1772, so far as the tender of a refunding bond is necessary, before suit brought, for the recovery of a legacy. A plea in abatement cannot now be maintained on that ground.

ERROR to the common pleas of *Berks* county.

Andrew Bixler, administrator of Jacob Bixler, against Simon Blankenbiller, administrator *cum testamento annexo* of Simon Blankenbiller, deceased.

This was an action on the case for a legacy, in which the defendant pleaded in abatement of the suit, that no refunding bond had been tendered before suit brought.

The court below abated the suit, which was the error assigned.

*Deckart*, for plaintiff in error, contended that the act of 24th February 1834, sects. 41, 50 and 52, repealed the act of 1772.

There was no appearance for the defendant in error.

The opinion of the Court was delivered by
KENNEDY, J.—By the act of the 21st of March 1772, entitled "An act for the more easy recovery of legacies," a party having a right to a legacy, was authorized to sue for the recovery of it in an action on the case, debt, detinue or account-render, as the case might require; but before such suit could be maintained by him, it was provided that a reasonable demand should be made first, of the executor or administrator with the will annexed, who was to pay the same; and an offer made of two sufficient sureties, bound in a refunding bond in double the amount of the legacy claimed; and if such bond were not accepted, then it was to be filed with the clerk of the court before suing out any process against the.

[Bixler v. Blankenbiller.]

executor or administrator; otherwise, in default thereof, the process issued was to abate.

Now, if the provision of this act, in this respect, had been in force when this suit was commenced, and the plea of abatement put in, as it has been, by the defendant, the decision of the court below upon it, abating the writ, would unquestionably have been right. But the act of the 24th of February 1834, *Stroud's Purdon* 398, has changed and repealed the act of 1772, so far as the tender of a refunding bond is made requisite by the latter act, before the original process shall be sued out. By the fiftieth and fifty-second sections of the act of 1834, the legatee, having made a reasonable demand of his legacy from the executor, after it has become payable, is authorized, if it be not paid, to sue for the recovery of it in the same form of action that he might have done under the act of 1772; but then, upon obtaining judgment therein, he shall not be entitled to execution, until security shall have been given by him in the orphans' court, in the manner therein before directed with respect to distributive shares. The security here required to be given, is specified in the forty-first section of the act, which directs that before any person shall be entitled to receive any distributive share of an intestate's estate, he shall give sufficient real or personal security, to be approved of by the orphans' court having jurisdiction thereof, in such sum and form as the said court shall direct, with condition, that if any debt or demand shall afterwards be recovered against the estate of the decedent, or otherwise be duly made to appear, he shall refund the rateable part of such debt or demand, and of the costs and charges attending the recovery of the same. And again, in order that the costs of such judgment, when obtained, may fall where equity and justice would seem to require that they should, and to prevent them from being paid by the exetor, either out of his own estate or that of the testator's, when there is no default on his part, the court, by the fifty-sixth section of the act, may either award costs or no costs out of the testator's estate; or if such executor has been faulty in delaying, without sufficient excuse, the payment or delivery of the legacy demanded, or a proportionate part thereof, then out of the proper estate of such executor. It is perfectly clear, therefore, that the sections of the act of 1834, which have been referred to and in part recited, alter and supply the directions of the act of 1772, in regard to the requisition of tendering a refunding bond with two sureties, before suing out the process commencing the suit; and seeing this suit was commenced after the act of 1834 had come into operation, the direction of the act of 1772, in this respect, became unnecessary for the purpose of maintaining the suit so as to recover a judgment for the legacy, or for settling the estate of the testator, who is said to have died before the passage of the act of 1834; and must, therefore, be considered as repealed on the first of October of that year, by the seventieth section of this latter act, which expressly declares, that

" all such acts of assembly as are thereby *altered* or *supplied* shall be, and are thereby *repealed,* except so far as may be necessary *to* finish proceedings *commenced,* or to *settle* the estates of persons who may have died *before* the first day of October thereafter, 1834."

The judgment of the court below is therefore reversed, and a judgment of *respondeat ouster* entered against the defendant, and the record remanded to the court below, that the suit may be further proceeded in there as shall be right.

Judgment reversed, and judgment of *respondeat ouster* awarded.