[PHILADERFHIA JANUARY 4, 1840.]

## STECHER and Another *against* THE COMMONWEALTH.

### IN ERROR.

1. An action of debt was brought in 1837, in the name of the Commonwealth to the use of A. upon a bond given by an administrator with surety, with condition to account for the proceeds of real estate sold under an order of the Orphans' Court. The defendants pleaded in abatement the pendency of two other suits brought before the passage of the act of 1836, in the name of the commonwealth, upon the same bond. *Held*, that as those suits were for the use of other heirs of the intestate, the plea was bad.

2. Evidence is not admissible to explain an ambiguity in a report of auditors which has been duly confirmed by the Orphans' Court.

3. It is not necessary to tender a refunding bond before bringing an action for a distributive share of the proceeds of real estate sold by order of the Orphans' Court, on a bond given by an administrator with condition for the faithful payment of the proceeds of such real estate.

ERROR to the Court of Common Pleas of Northampton County.

This was an action of debt brought to November Term, 1837, in the name of the Commonwealth of Pennsylvania, to the use of John Stecher against George Stecher and Philip Messinger, upon a bond dated the 20th day of January, A. D., 1832, executed by George Stecher, with Philip Messinger as his surety, in the penal sum of $16,300, with the following condition.

" Whereas, at an Orphans' Court held at Easton, in the said county, on the 26th day of November, 1831, the said court did order and decree, that the said George Stecher, and one Andrew Stecher, administrators, etc., of George Stecher, late of Forks township, should make sale of the real estate of the said George Stecher: Now the condition of this bond is, that if the said George Stecher, administrator as aforesaid, shall and will faithfully execute the power com-

mitted to him in making such sale, and thereby account for, and pay over the proceeds thereof according to his duty, or as the said court should legally decree, then this obligation to be void," &c.

The plaintiff averred in his declaration that the said George Stecher did not faithfully execute the power thus committed to him; and that there was in the hands of the said George, the sum of $2234 arising from said sale, and due to him as one of the heirs of the said George Stecher, deceased.

A plea in abatement was filed by the defendant in substance as follows:

"And the said Philip Messinger, by Peter Ihrie, his attorney, comes and defends the wrong and injury, when, etc. etc. and prays judgment of the said writ, because, he says, that before the exhibiting of said writ, to wit of April Term, 1836, in the said Court of Common Pleas of Northampton County, before the judges of the said court, then, and still being holden at Easton, in the county of Northampton, the said Commonwealth impleaded the said George Stecher and Philip Messinger, and on the 14th day of April, 1836, exhibited a certain writ against him, the said George Stecher, in a plea of debt, that he render unto said Commonwealth $16,300, and upon the same identical writing obligatory in the declaration in the present suit mentioned—and likewise of the same term; and on the same 14th of April, 1836, exhibited a certain writ against the said Philip Messinger, in a plea of debt, that he render unto the said Commonwealth $16,300, also, on the same identical writing obligatory, mentioned in the declaration in the present suit; and which said last mentioned suit was afterwards, to wit, on the 28th day of July, 1836, submitted to the arbitration of Samuel Moore, Robert Innes, and Charles L. Eberle, as arbitrators of said action, by the said Commonwealth, before whom the said suit is yet pending and undetermined, as by the record and proceedings thereof in said court, fully appears.

And the said Philip Messinger further says, that the said Commonwealth of Pennsylvania, and the said George Stecher and Philip Messinger, in this and the former suit, are the same, and not different, or other parties, and that the said former suits so brought and prosecuted against them, the said George Stecher and Philip Messinger, by the said Commonwealth, are still pending, viz. the former in the said Court of Common Pleas, and the latter before the said arbitrators, chosen to decide all matters between the said Commonwealth and the said Philip Messinger, etc.

And the said Philip Messinger, also prays judgment of said writ, because, he says, that before the issuing of said writ, viz. of August Term, 1836, in the said Court of Common Pleas, the said Commonwealth, at the instance and for the use of the said John Stecher,

impleaded the said George Stecher and Philip Messinger, and on the 16th of May, 1836, exhibited a certain writ against him, the said George Stecher, in a plea that he render to the said Commonwealth, $16,300, and upon the same identical writing obligatory, mentioned in the declaration of the present suit.

And likewise, on the 16th of May, 1836, issued a certain writ against him, the said Philip Messinger, in a plea, that he render to the said Commonwealth, $16,300, and on the same identical writing obligatory declared upon in the present suit. And the said Philip Messinger further declares, that the parties in this, and the said former suits are the same, and not different parties, and that the said former suits so brought and prosecuted by, and for the use of the said John Stecher, are still depending in said court and undetermined, and prays judgment of the said writ, and that it may be quashed."

After argument, the opinion of the court, Banks, (President) was delivered as follows:

" The defendant, Messinger, pleads in abatement, the pendency of four suits in said county, brought in the name of the Commonwealth against the same defendants, on the same administration bond, two brought to April Term, 1836, and two brought to August Term, 1836. It appears that the two first suits were brought for two of the heirs of old Mr. Stecher; one for Henry Stecher, the son of John George Stecher; and one for Mary, the daughter of old Mr. Stecher. The other two suits were brought for and by Andrew Stecher. No one of the suits was brought by or for John Stecher, for whose use this suit was brought. Can those suits, or any of them be pleaded in abatement of this suit? By the act of 1832, suits are to be brought on administration bonds, in the same manner as suits are brought on sheriff's bonds. By the act of 1803, each person aggrieved, may bring suit on the sheriff's bond, or recognizance, in the name of the Commonwealth, for his use, and recover judgments for the damages he may have sustained. Under the act of 1832, until its repeal in 1836, each individual interested might bring suit on an administration bond, and recover the amount of money due him, in the name of the Commonwealth, for his use. The name of the individual must be placed on the record. An action is given to each one separately, adapted to the particular circumstances of his case. The actions which are pleaded in abatement, stood in the name of the Commonwealth alone. John had not caused them, or any of them to be brought. He was not a party to any of them, nor could he have been legally made a party to any one of the suits. Nor had he any control over them, nor could he have discontinued them. He could not have recovered his money in any of those suits. This being the case, I cannot see why they should

(Stecher *v.* The Commonwealth.)

stand in his way, either to impede or interrupt his action, properly brought, for the recovery of his share of his father's estate.  Prior to the act of 1832, the law authorised the bringing of one suit on an administration bond, and if judgment was obtained, it stood for the benefit of all concerned.  On this judgment each had a separate remedy for the recovery of his individual claim.  This is entirely changed by the act of 1832, by which each party interested may at once bring a suit in the name of the Commonwealth, for his use, and thus recover his own debt.  If this is correct, as I think it is, the plea of abatement is cut up by the roots.  The court decides against the defendant on the plea of abatement, and gives judgment of respondeat ouster."

The defendants then pleaded payment with leave to give the special matters in evidence; and upon this issue the cause came on for trial before Judge BANKS, on the 28th of November, 1839; when the plaintiff having proved the execution of the bond, gave in evidence a report of auditors upon the estate of George Stecher, deceased, dated the 13th of January, 1835, and confirmed *nisi* on the 23d of the same, by which it appeared that there was a balance in the hands of the administrator of $6472 01 for distribution.

The plaintiff's counsel then tendered a refunding bond with surety, and asked leave of the court to file the same, which was allowed.

The defendants' counsel, in the course of the trial, offered in evidence—

1. Three administration accounts of the estate; one dated the 20th of January, 1832, settled by Andrew Stecher administrator; another dated the 27th of January, 1833, by the same; and the third dated the 24th of November, 1831, by George Stecher, administrator.
2. A report or return of the sale by the administrator of a part of the real estate of George Stecher, deceased, situate in Bushkill township, dated the 26th day of November, 1831.
3. A report of auditors upon the estate of George Stecher, deceased, dated the 21st day of March, 1833.

Which were severally objected to by the counsel for the plaintiff, and rejected by the court.

The learned judge charged the jury as follows:

" The defendants' counsel have requested the court to charge the jury, that the plaintiff cannot recover, because he did not, before suit brought, give a refunding bond, according to the provisions of the act of the 24th of February, 1834.  The 39th section of that

(Stecher *v.* The Commonwealth.)

act provides for distribution under the direction of the Orphans' Court. The 41st section directs the security which shall be given by the person entitled to receive any share in the said distribution. This security must be given before he shall be entitled to receive his share. This is when distribution is made in the Orphans' Court, or by agreement, and does not apply to suits in a court of law. The 45th section also applies to distribution in the Orphans' Court; and then the security must be given, before the person is entitled to receive his share. The act does not appear to provide for a suit brought in a court of law. The same act provides that no action shall.be brought for the recovery of a legacy, until reasonable demand shall have been made of the executor; nor shall such legatee be entitled to execution in such actions until security shall have been given, in the manner directed in the sections I have referred to. The legislature, no doubt, supposed that the remedy given in the Orphans' Court was ample, and that a distributee would not find it necessary to resort to a suit or action at law. But if the distributee does not resort to the Orphans' Court for redress, but brings his suit as is provided in case of a legacy, why may not the security be given before execution, as if it was a legacy. Security to creditors is the object in both cases. I therefore do not see any reason why the security may not be given in this case, before execution, in the same manner as is provided in case of a suit for the recovery of a legacy. I therefore do not think that it was necessary that the security should have been given before suit brought: and the court refuses to charge you as the defendants' counsel have requested."

A bill of exceptions was tendered to this charge; and the jury having found for the plaintiffs, this writ of error was taken, and the following errors assigned..

" 1. The court erred in giving judgment of respondeat ouster.

2. The court erred in overruling the evidence mentioned in the first bill of exceptions.

3. The court erred in rejecting the evidence mentioned in the second bill of exceptions.

4. The court erred in rejecting the evidence mentioned in the third bill of exceptions.

5. The court likewise erred in charging the jury that it was not necessary that the refunding bond should be given or tendered before suit brought.

6. The court also erred in refusing to charge the jury that the plaintiffs cannot recover, according to the defendant's request."

Mr. *Ihrie,* for the plaintiff in error—
1. The court ought to have sustained the plea in abatement.

*Stephens on Pleading,* 65. *Chitty Pl.* 443. George Stecher died before the act of 1832. The act of 1836 provides for only one suit.

2. The evidence rejected by the court was offered to explain an ambiguity in the auditor's report, and ought to have been admitted.

3. The act of 1834, as to refunding bonds, does not apply to a case where the party died before the passing of the act. The prior acts required the refunding bond to be tendered before suit brought. *Patterson* v. *Nicholl,* (6 *Watts,* 379.) *Wood* v. *Davidson,* (2 *Rawle,* 52.)

Mr. *Brodhead,* contra—

1. The plea in abatement was too late, because not put in until after four days from the filing of the declaration. But it was properly overruled, because the former suits were not between the same parties. The act of 1836 did not apply to this case. The administrator might have escaped costs by depositing the money in court.

2. The auditor's report was free from ambiguity; and having been confirmed by the Orphans' Court, it was conclusive upon the parties. *M'Fadden* v. *Geddes,* (17 *Serg. & Rawle,* 339.) *App* v. *Dreisbach,* (2 *Rawle,* 301.) *Thompson* v. *M'Gaw,* (2 *Watts,* 164.)

3. The refunding bond was tendered in time. *Bixler* v. *Blankenbiller,* (8 *Watts,* 64.) *Baughman* v. *Kunkle,* (3 *Watts,* 483.)

The opinion of the court was delivered by

ROGERS, J.—The suits which formed the subject-matter of the plea in abatement, were brought under the act of 1832. By that act, suits may be brought in the same manner as on sheriff's bonds and recognisances. In this, reference is made to the act of the 28th of March, 1803, by which each person who may be aggrieved by the misconduct of the sheriff, is authorised to bring suits on the bond and recognisance, and to recover judgment for the injury he may have sustained. The pendency of a suit by one, in general cannot be pleaded in abatement by another. And in another particular the plea is bad, because it is not for the same cause of action. The plaintiff, John Stecher, was no party to those suits, had no control over them, and cannot therefore be affected by them in any way whatever. The act of 1836, which took effect in October of the same year, does not touch this case, as the original actions were instituted during the existence of the former act; which, although it repeals it, contains a saving clause, so far as may be necessary to finish proceedings commenced before that time. The act of 1832 made an entire change in the practice; for previously suits were brought on the administration bond in the name of the commonwealth, and judgment, when rendered, remained, for the benefit of all indebted; the remedy for each being had by *scire facias* on the continuing judgment. The act of 1832 alters this, by enabling each

(Stecher *v.* The Commonwealth.)

party, in the first instance, to bring an action in the name of the commonwealth for his use, and to recover his own debt.

The evidence contained in the bills of exception was offered to explain an alleged ambiguity in the report of the auditors. But we are not convinced that any ambiguity exists; and if it did, it would be improper to admit parol evidence to explain it: the report is final and conclusive. The evidence was properly overruled.

The cases of *Bixler* v. *Blankenbiller,* (8 *Watts,* 64,) and *Baughman* v. *Kunkle,* (8 *Watts,* 484,) particularly the latter, are an answer to the objection, that it was necessary to tender a refunding bond, before suit brought. In construing the acts of 1794 and 1792, a distinction has been taken between a suit for a distributive share, and an action to recover a legacy. In the former, the act requires the bond to be filed before the distribution made of the estate by the administrator, whereas the latter orders a refunding bond before suit brought.

Judgment affirmed.